UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSCELYN REID, and E.R., a minor, by AJA MOODY, his guardian ad litem, | Case No. 2:24-CV-01267-JAM-AC |
| Plaintiffs, | |
| v. | JURY INSTRUCTIONS |
| COLUSA COUNTY OFFICE OF EDUCATION, RAUL RIVERA, and DOES 1-25, | |
| Defendants. | |

Dated: July 08, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

JURY INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. You may take your copy of these instructions into the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

JURY INSTRUCTION NO. 2

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

JURY INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

1.   The sworn testimony of any witness;

2.   The exhibits that are admitted into evidence;

3.   Any facts to which the lawyers have agreed; and

4.   Any facts that I have instructed you to accept as proved.

JURY INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts, as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4.    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

4

JURY INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    The opportunity and ability of the witness to see or hear or know the things testified to;

2.    The witness's memory;

3.    The witness's manner while testifying;

4.    The witness's interest in the outcome of the case, if any;

5.    The witness's bias or prejudice, if any;

6.    Whether other evidence contradicted the witness's testimony;

7.    The reasonableness of the witness's testimony in light of all the evidence; and

8.    Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose

6

not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

JURY INSTRUCTION NO. 7

The parties have agreed to the following facts:

1.    Defendants admit that on 10 May 2023, at about 1:46 PM, in Williams, California, Raul Rivera, in the course and scope of his employment with the Colusa County Office of Education, was driving a truck and trailer west-bound on California State Route (S.R.) 20 where he began making a left-hand turn from S.R. 20 onto Husted Road and when Justin Daniel Reid coming in the east-bound lane on his motorcycle collided with defendants' truck and died.

2.    Defendants admit their negligence was the sole cause of the collision and a substantial factor in causing Justin Daniel Reid's death.

3.    Defendants admit Justin Daniel Reid was not negligent and not a substantial factor in causing his death.

You must therefore treat these facts as having been proved.

8

JURY INSTRUCTION NO. 8

An entity, Colusa County Office of Education, is a party in this lawsuit.  Colusa County Office of Education is entitled to the same fair and impartial treatment that you would give to an individual.  You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to Colusa County Office of Education.

JURY INSTRUCTION NO. 9

You must not consider whether any of the parties in this case has insurance.  The presence or absence of insurance is totally irrelevant.  You must decide this case based only on the law and the evidence.

JURY INSTRUCTION NO. 10

In reaching a verdict, you may not consider the wealth or poverty of any party.  The parties' wealth or poverty is not relevant to any of the issues that you must decide.

JURY INSTRUCTION NO. 11

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find Ezekiel Reid and Joscelyn Reid have sustained damages, you must determine the amount of their damages.  The plaintiffs, Ezekiel Reid and Joscelyn Reid, have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Ezekiel Reid and Joscelyn Reid for the loss of Justin Reid's love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

12

JURY INSTRUCTION NO. 12

Ezekiel Reid and Joscelyn Reid do not have to prove the exact amount of any damages.  However, you must not speculate or guess in awarding damages.

The damages claimed by Ezekiel Reid and Joscelyn Reid are called noneconomic damages.  The following damages are claimed by Ezekiel Reid and Joscelyn Reid:

1.    The loss of Justin Reid's love, companionship, comfort, care, assistance, protection, affection, society, moral support; and

2.    The loss of Justin Reid's training and guidance.

No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

In determining Ezekiel Reid and Joscelyn Reid's loss, do not consider:

1.    Ezekiel Reid and/or Joscelyn Reid's grief, sorrow, or mental anguish;

2.    Justin Reid's pain and suffering; or

3.    The poverty or wealth of Ezekiel Reid and Joscelyn Reid.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle, and occupation.  According to Vital Statistics of the United States, published by the National Center for Health Statistics, the average life expectancy of a 41-year-old male is 38.8 years.  This published information is evidence of how long a person is likely to live but is not conclusive.  Some people live

13

longer and others die sooner.

In computing these damages, consider the losses suffered by all plaintiffs and return a verdict of a single amount for all plaintiffs.  I will divide the amount among the plaintiffs.

JURY INSTRUCTION NO. 13

You must not include in your award any damages to punish or make an example of the Colusa County Office of Education and/or Raul Rivera.  Such damages would be punitive damages, and they cannot be a part of your verdict.  You must award only the damages that fairly compensate plaintiffs for their loss.

JURY INSTRUCTION NO. 14

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

JURY INSTRUCTION NO. 15

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet,

17

or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that

18

would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

JURY INSTRUCTION NO. 16

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

JURY INSTRUCTION NO. 17

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.